IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY ESTER MAY,

       Plaintiff,

vs.                                                            CIV 09-1154 MCA/KBM

WAL-MART DISCOUNT DEPARTMENT STORES,
WAL-MART STORES, INC., and
WAL-MART ASSOCIATES, INC.,

       Defendants.

## PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' Motion for Sanctions filed April 22, 2010, *Doc. 27*, and my resulting Order to Show Cause why I should not recommend to the Honorable M. Christina Armijo that she impose sanctions, including dismissal of this action with prejudice, *Doc. 28*. Although Plaintiff's counsel clearly received both the motion and my Order, no response has been filed to either. Plaintiff's continuing failure to abide by the orders of this Court, blatant failure to meet her discovery obligations and otherwise failure to timely prosecute this case are set forth in Defendants' motion, and I incorporate those undisputed facts.

Rules 16 and 37(b)(2)(C) permit a court to impose sanctions for discovery violations. The determination of a correct sanction for a discovery violation is a fact-specific inquiry. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before selecting a sanction for non-compliance with an order or directive, consideration must be given to various factors in determining the appropriateness of a sanction. The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and (5) the efficacy of lesser sanctions. *Id.* at 921.

I find that Plaintiff has continually and significantly interfered with the judicial process. For instance, Defendant has been significantly prejudiced by Plaintiff's unwillingness to voluntarily dismiss defendant entities that were not the Plaintiff's former employing entity. *See Doc.18*. Moreover, Plaintiff's cavalier approach to responding to imposed deadlines and specific discovery requests has required Defendants' counsel to waste valuable time and resources. Indeed, Exhibits A-I to the motion for sanctions demonstrate that defense counsel had to comb through the avalanche of materials Mr. Arrieta did submit to them because it included work product and attorney/attorney privileged documents and apparently even irrelevant materials from the files of other clients. *See Exh. I*. And this avalanche still failed to contain documents responsive to discovery requests propounded by Defendants. *Id.*

As to the culpability of the litigant, during conferences with the attorneys, Plaintiff's counsel represented that he has had significant difficulty maintaining contact with his client and obtaining information from her. I have repeatedly instructed Plaintiff's counsel to inform his client that this case could be dismissed for failure to follow the rules and court orders. *See, e.g. Docs.25 & 28*. I am at a loss to see how any sanction less than dismissal is appropriate under these circumstances.

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be dismissed with prejudice and that Judge Armijo also consider an award of attorney fees to Defendants.

**IT IS ALSO ORDERED** that Plaintiff's counsel immediately file a certification that he has delivered to his client a copy of this Report and Recommendation and my Order to Show Cause entered May 3, 2010. Failure to do so may result in monetary sanctions personally against Plaintiff's attorney for failure to abide by the terms of this Order.

_____
UNITED STATES MAGISTRATE JUDGE